UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| REXY MENDES, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | CIVIL ACTION H-15-3018 |
| | § | |
| TOYOTA MOTOR SALES, U.S.A., INC., | § | |
| TOYOTA MOTOR MANUFACTURING, TEXAS, | § | |
| INC., and TOYOTA MOTOR CORPORATION, | § | |
| | § | |
| *Defendants*. | § | |

# ORDER

Pending before the court is defendants Toyota Motor Sales, U.S.A., Inc. and Toyota Motor Manufacturing Texas, Inc.'s (collectively, "Toyota") motion for summary judgment. Dkt. 15. Plaintiff Rexy Mendes has not responded, and the motion will therefore be treated as unopposed.[1] Having considered the motion, record, and applicable law, the court is of the opinion that the motion should be GRANTED.

## I. BACKGROUND

On July 8, 2015, plaintiff Rexy Mendes filed his original petition in state court, asserting claims for strict liability, breach of express and implied warranties, and negligence against Toyota Motor Sales, U.S.A., Inc. ("TMS"); Toyota Motor Manufacturing Texas, Inc. ("TMMTX"); and Toyota Motor Corporation ("TMC"). *Id*. at 17. According to Mendes's original petition, on July 14, 2011, Mendes was driving his 1993 Toyota Corolla when it collided with another vehicle. Dkt. 1 at 18. Mendes claims that during deployment of his air bag, "shards of metal, like shrapnel, were

---

[1] Under the Local Rules of the Southern District of Texas, "[f]ailure to respond will be taken as a representation of no opposition." S.D. TEX. L.R. 7.4.

propelled toward Plaintiff, penetrating the air bag cushion, striking Plaintiff [,causing] serious and permanent injury to him." *Id*.

TMS and TMMTX were served on September 14, 2015, and TMC has not yet been served. Dkt. 15 at 2. On October 14, 2015, TMS and TMMTX removed this lawsuit to this court. Dkt. 1. On January 13, 2015, Toyota filed a motion for summary judgment on all of Mendes's claims. Dkt. 15. To date, Mendes has not responded to Toyota's motion.

## II. LEGAL STANDARD

A court shall grant summary judgment when a "movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). "[A] fact is genuinely in dispute only if a reasonable jury could return a verdict for the non-moving party." *Fordoche, Inc. v. Texaco, Inc.*, 463 F.3d 388, 392 (5th Cir. 2006). The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S. Ct. 2548 (1986). If the party meets its burden, the burden shifts to the non-moving party to set forth specific facts showing a genuine issue for trial. Fed. R. Civ. P. 56(e). The court must view the evidence in the light most favorable to the non-movant and draw all justifiable inferences in favor of the non-movant. *Envtl. Conservation Org. v. City of Dall., Tex.*, 529 F.3d 519, 524 (5th Cir. 2008).

## III. LAW & ANALYSIS

Toyota submits the following grounds for summary judgment:

- There is no evidence supporting Plaintiff's claims against TMMTX.

- All of Plaintiff's claims are barred by the applicable statute of limitations. *See* Tex. Civ. Prac. & Rem. Code Ann. § 16.003(a) (negligence, gross negligence, and products liability claims); Tex. Bus. & Comm. Code Ann. § 2.725 (breach of warranty).

2

- All of Plaintiff's claims are barred by the statute of repose. *See* Tex. Civ. Prac. & Rem. Code Ann. § 16.012.

Because the court finds that each of Mendes's claims is barred by the statute of limitations, the court need not consider Toyota's other two bases for summary judgment.

The affirmative defense of limitations is established when the defendant (1) conclusively establishes when the cause of action accrued, and (2) negates the discovery rule by proving, as a matter of law, there is no genuine issue of material fact about when the plaintiff discovered or, in the exercise of reasonable diligence, should have discovered the nature of its injury. *KPMG Peat Marwick v. Harrison Cty. Hous. Fin. Corp.*, 988 S.W.2d 746, 748 (Tex. 1999). If the defendant establishes that the statute of limitations bars the action, the plaintiff must then produce summary judgment evidence that raises a fact issue to avoid the statute of limitations. *Id.*

### *A. Mendes's Breach of Warranty Claims are Barred by the Statute of Limitations*

In Texas, the statute of limitations governing Mendes's breach of warranty causes of action under the Texas Business and Commerce Code requires that the claims "be commenced within four years after the cause of action has accrued." Tex. Bus. & Comm. Code Ann. § 2.725. A cause of action for breach of warranty accrues "when tender of delivery is made, except [where] a warranty explicitly extends to future performance of the goods." *Id*. Additionally, the statute provides that the "cause of action accrues when the breach occurs, regardless of the aggrieved party's lack of knowledge of the breach." *Id*. § 2.725(b). Moreover, the discovery rule does not apply to actions based on express or implied warranties. *Safeway Stores, Inc. v. Certainteed Corp.*, 710 S.W.2d 544, 549 (Tex. 1986) (finding that "[t]he language of [§ 2.725] clearly precludes the application of the discovery rule except in situations where there is an explicit reference to future performance").

3

Although section 2.725(b) does include a "future performance exception" that can extend the limitations period, an express warranty must explicitly extend to future performance to meet the exception. *Id*. at 546. Courts "construe the exception narrowly, with the emphasis on the term 'explicitly.'" *Id*. at 548. The "future performance exception" mentioned in § 2.725 does not apply to breach of implied warranty claims. *Id*. at 544. In addition, "[f]or an express warranty to meet the exception, it must make specific reference to a specific date in the future." *Id*. Regardless, Mendes cannot maintain an action for breach of express warranty against Toyota because the vehicle was not purchased by Mendes from Toyota and Mendes has no evidence that Toyota made an express warranty (or any representations) to Mendes.

Therefore, Mendes's breach of warranty claims accrued when Toyota tendered the vehicle for delivery under contract. *See, e.g., Madden v. J. I. Case Co.*, 712 S.W.2d 181 (Tex. App.—Houston [14th Dist.] 1986, no writ). TMS sold the subject Corolla to Gulf States Toyota, Inc. on October 22, 1992. Dkt. 15 at 35, ¶ 6 (Declaration of Lance Lewis, manager for TMS). Mendes did not file this lawsuit until July 8, 2015. *Id*. at 15. Consequently, the applicable statute of limitations on Mendes's breach of warranty claims expired over eighteen years prior to the filing of this lawsuit. *See* Tex. Bus. & Comm. Code Ann. § 2.725. Toyota, therefore, is entitled to summary judgment with regard to Mendes's breach of warranty claims.

### B. Mendes's Strict Liability, Negligence, and Gross Negligence Claims are Barred

Under § 16.003(a) of the Texas Civil Practice and Remedies Code, negligence, gross negligence, and products liability claims arising from personal injury must be brought within two years from the date of injury. Mendes was allegedly injured on July 14, 2011. Accordingly, his products liability, gross negligence, and negligence claims must have been commenced by July 14, 2013. *See* Tex. Civ. Prac. & Rem. Code Ann. § 16.003. Because these claims were not commenced

prior to July 14, 2013, his gross negligence, negligence, and products liability claims are barred by the statute of limitations.

## IV. CONCLUSION

For the foregoing reasons, Toyota's motion (Dkt. 15) is GRANTED and Mendes's claims are DISMISSED WITH PREJUDICE. The court will enter a separate final judgment consistent with this order.

Signed at Houston, Texas on March 29, 2016.

_____
Gray H. Miller
United States District Judge